■ CELIA FAIELLO, an Infant, by HYMAN H. BERNSTEIN, Guardian of Her Property, as a Stockholder of MAJESTIC LOOSELEAF, INC., and Another Corporation, Suing in Behalf of Herself and All Other Stockholders of Both Said Corporations and for the Benefit of Both Corporations, Respondent, v. CARMELLA LI CASTRI et al., Appellants.— In a stockholders' derivative and representative action, it appears that the father of respondent, an infant, died intestate possessed of all the shares of stock of the two corporate parties. An administratrix was appointed and took possession of the shares. Respondent as a statutory distributee has an interest of one ninth of decedent's net estate, and thereby claims, under section 61 of the General Corporation Law, to be the legal or equitable owner of a portion of the shares or of the corporations. The complaint alleges that respondent was such owner at the time of the transactions complained of. Appellants moved under subdivision 2 of rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that respondent has not legal capacity to sue. The motion was granted on the ground that the complaint fails to allege that she had such interest at the time of the commencement of the action, and leave to replead was granted. The appeal is

from the portion of the order which grants leave to replead. Order modified by striking from the first ordering paragraph the words "and it is further" and by striking from said order the second ordering paragraph. As so modified, order, insofar as appeal is taken, affirmed, without costs. Respondent has no right to maintain the action as a stockholder. (See *Steuer* v. *Hector's Tavern*, 1 A D 2d 1003.) Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.