■ VICTOR M. CASSATA, Individually and on Behalf of All Other Shareholders of A. J. HUGHES SCREW PRODUCTS COMPANY, INC. Similarly Situated, Appellant, v PETER J. CASSATA et al., Respondents. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: We affirm Special Term's grant of summary judgment dismissing the first and second counterclaims in defendants' answer. Any claim predicated upon breach of the agreement allegedly made in 1970 clearly was time barred. We conclude, however, that the court erred in dismissing the second, third and fourth causes of action of the complaint in their entirety.

Plaintiff and the individual defendant are brothers. In 1970, plaintiff was employed by the corporate defendant as its materials manager and bookkeeper. At that time, defendant Peter Cassata was one of the principal stockholders, an officer and a director of the corporation. Pursuant to the instructions of Peter Cassata, the corporation's attorney prepared a "Declaration of Trust". The declaration was signed by Peter and delivered to his brother in 1974 while they were vacationing in Acapulco. The declaration expressly stated that immediately after Peter's acquisition of 350 shares of stock in defendant corporation in 1970, it was his intention to hold 140 shares in trust for plaintiff, and that he would continue to hold 140 shares in trust until plaintiff made a written demand for issuance of the stock or either of them died. In 1975, plaintiff became an officer and director of the corporation, and he continued to serve in those capacities until September of 1985, when he was asked to retire and upon his refusal to do so, was locked out of the corporate offices.

This action was commenced in 1986. The second and third causes of action purport to assert shareholder derivative claims seeking invalidation of the election of members of Peter Cassata's family as officers and directors, reinstatement of plaintiff as an officer and director, damages for his unlawful ouster, and an accounting for alleged acts of misconduct and

mismanagement subsequent to plaintiff's ouster. The fourth cause of action seeks an order compelling defendants to issue one half of the outstanding stock in defendant corporation to plaintiff.

Special Term properly dismissed plaintiff's claim for the issuance of shares in excess of the 140 shares mentioned in the declaration of trust. Plaintiff's entitlement to a one-half share of his brother's interest in the corporation was based upon an agreement allegedly breached in 1970, and such claim was time barred (CPLR 213). However, defendants failed to raise a genuine factual issue regarding the creation and validity of the trust for 140 shares. That trust became complete upon the delivery of the declaration to plaintiff, and defendants' contentions that plaintiff did not accept the trust; that he revoked the trust; and that the declaration is unenforceable by reason of the Statute of Frauds and Statute of Limitations are without merit. Notice of the trust and acceptance by the beneficiary are not essential to creation of a trust (61 NY Jur, Trusts, § 61), and any renunciation of the trust must be in writing, signed and acknowledged by the beneficiary (EPTL 2-1.11 [b]; 9 Rohan, NY Civ Prac ¶ 2-1.11 [3]). There is no claim that plaintiff renounced his interest in writing. A complete and executed trust is enforceable without a writing (see, *Blanco v Velez,* 295 NY 224; Hoffman, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 13-2.1), and even assuming, arguendo, that the declaration constituted a contract to create a trust in the future, the declaration satisfied the applicable Statute of Frauds (see, EPTL 13-2.1 [a] [1]). Finally, there is no claim that prior to commencement of this action plaintiff made a written demand for the issuance of the stock and thus, the applicable Statute of Limitations had not started to run. In sum, plaintiff was entitled to summary judgment on the fourth cause of action directing defendant Cassata to undertake steps pursuant to the declaration for the issuance of 140 shares of stock to plaintiff.

Plaintiff was the beneficiary of a trust holding stock in defendant corporation and thus, was entitled to institute a shareholder derivative action (Business Corporation Law § 626 [a]; *Schlegel v Schlegel Mfg. Corp.,* 23 AD2d 808; 3 Kantrowitz and Slutsky, White on New York Corporations ¶ 626.03 [13th ed]). The sole claim raised by defendants regarding the second and third causes of action pertained to plaintiff's shareholder status and thus, we reach no issue concerning the merits of either cause.

Accordingly, we modify the order dismissing the second, third and fourth causes of action of the complaint as follows: the directive dismissing the second and third causes of action is deleted, plaintiff is entitled to summary judgment on the issue of his capacity to bring a shareholder derivative claim and defendants' motions as to these causes of action are otherwise denied; and with respect to the fourth cause of action, that portion of the order dismissing plaintiff's request that defendant Cassata issue 140 shares of stock held in trust is reversed and vacated, and plaintiff is awarded summary judgment to the extent of those 140 shares of stock. As so modified, the order is affirmed. (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.—summary judgment.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.