■ VICTOR M. CASSATA, Individually and on Behalf of All Other Shareholders of A. J. HUGHES SCREW PRODUCTS COMPANY, INC. Similarly Situated, Respondent, v PETER J. CASSATA et al., Appellants. (Appeal No. 2.) —Order unanimously affirmed without costs. Same memorandum as in *Cassata v Cassata* ([appeal No. 1] 148 AD2d 944 [decided herewith]). (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.—dismiss counterclaim.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.

■ In the Matter of EVERETT PECK, as Administrator C. T. A. of the Estate of THEO L. ZIEMS, Deceased, et al., Respondents. AMERICAN HEART ASSOCIATION—NEW YORK STATE AFFILIATE, INC., Appellant. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: The intent of the testator at the time the will was executed, as found from the surrounding circumstances, is the proper focus in construing the will *(see, Morris v Sickly,* 133 NY 456; *Matter of Falvey,* 15 AD2d 415, *affd* 12 NY2d 759). The evidence presented clearly supports the Surrogate's determination that the testator's intent was that the charitable bequest go to the local heart fund, which was the Northern New York Heart Association, Inc. The Surrogate's decision, however, does not determine the American Heart Association's rights, if any, to the bequest as the result of Northern's affiliation agreement with it. In this regard, the Surrogate correctly noted that the ultimate distribution of these funds will be resolved in the pending Supreme Court action. (Appeal from order of Oswego County Surrogate's Court, Murray, S.—will construction.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.