Cyrus E. SILLING, Jr., Plaintiff,

v.

Edna Marie Litton ERWIN,
et al., Defendants.

Civ. A. No. 2:94–0448.

United States District Court,
S.D. West Virginia,
Charleston Division.

April 4, 1995.

---

Christopher J. Winton, Mark W. Kelley, Payne, Loeb & Ray, Charleston, WV, Richard J. Miller, Jr., Couch, White, Brenner, Howard & Feigenbaum, Albany, NY, for Cyrus E. Silling, Jr.

Arden J. Curry, II, Arden J. Curry, Pauley, Curry, Sturgeon & Vanderford, Charleston, WV, for Edna Marie Litton Erwin, Willard H. Erwin, Jr.

Neva G. Lusk, G. Thomas Battle, Spilman, Thomas & Battle, Charleston, WV, for United Nat. Bank.

Raymond G. Dodson, Dodson, Riccardi & Lutz, Charleston, WV, for Jane King.

James K. Brown, Charles D. Dunbar, Jackson & Kelly, Charleston, WV, for One Morris, Inc.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is the Motion of Defendants One Morris, Incorporated, Frank T. Litton, Jr., and Forrest Morris for Summary Judgment. The Plaintiff's Second Amended Complaint contains five counts. These Defendants have moved for summary judgment with respect to Count IV of the Second Amended Complaint which alleges unlawful suppression of dividends.

The Defendants assert: 1) as a matter of law, the directors and officers of One Morris, Inc. have not suppressed dividends to shareholders unlawfully; 2) until his death in June 1993, Cyrus E. Silling, Sr., the person who the Plaintiff claims was entitled to such dividends, owned a controlling interest in One Morris, Inc., and Plaintiff should have no better claim than his purported predecessor in interest; and, 3) Plaintiff lacks standing to bring a derivative suit for suppressed dividends. The parties have submitted memoranda in support of their respective positions and the matter is mature for adjudication. Based upon the absence of a genuine issue of material fact and the law, the Court **GRANTS** the motion.

Under *Rule* 56(c) of the *Federal Rules of Civil Procedure,* summary judgment is proper only:

"If the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

Fed.R.Civ.P. 56(c). A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party has the burden of initially showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. To discharge this burden, the nonmoving party cannot rely on its pleadings but instead must have evidence showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

## FACTUAL BACKGROUND

The undisputed facts are as follows. Cyrus E. Silling, Sr. ("Silling, Sr.") died at the age of ninety-three on June 6, 1993, a resident of Kanawha County, West Virginia.

Silling, Sr. executed his Last Will and Testament dated November 25, 1988 and three codicils dated April 13, 1991, June 12, 1992 and September 7, 1992. The will and the three codicils were admitted to probate by the County Commission of Kanawha County on June 9, 1993 based upon authenticating affidavits of the witnesses thereto.

By his will, Silling, Sr. appointed Willard H. Erwin, Jr. and the United National Bank Co–Executors and provided should Erwin become unable to serve, the Bank should continue as sole Executor. The Co–Executors qualified to serve on June 9, 1993. Erwin died on May 21, 1994.

The will devises and bequeaths the residue of Silling, Sr.'s estate to the Plaintiff. Only the three codicils are being contested in this action. The codicil dated April 13, 1991, superseded by the codicil dated September 7, 1992, bequeathed two hundred and forty-two (242) shares of capital stock of One Morris [1], Incorporated to Willard H. Erwin, Jr.

It is undisputed Cyrus E. Silling, Sr. owned a controlling interest of fifty and one tenth percent (50.1%) of the shares in One Morris for many years prior to his death in 1993. In fact, at all times since 1950, he was the largest shareholder of One Morris and a director and an officer of One Morris at all times since the 1960's. One Morris never declared a dividend in its forty-five year history. The Plaintiff contends dividends should have been paid since 1986 when corporate debt was retired. At any time over that time period, Silling, Sr. could have caused a dividend to be declared, but he did not do so.

The Second Amended Complaint attacks, inter alia, the validity of the three codicils on the grounds of alleged lack of testamentary capacity of Silling, Sr., the alleged lack of testamentary formalities, the alleged exercise by Willard H. Erwin, Jr. of undue influence over Silling, Sr., and the alleged tortious interference by Willard H. Erwin, Jr. with the rights of the Plaintiff as affected by the three codicils. Count IV, the only count involving Defendants One Morris, Frank T.

Litton, Jr. and Forrest Morris, contains a derivative action against One Morris and its current directors for allegedly suppressed dividends and requests the directors be ordered to pay dividends.

## DISCUSSION

In most situations, a minority or non-controlling shareholder complains about the abuse of the majority shareholder. *See Mills v. Electric Auto–Lite Co.,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); *Harnett v. Billman,* 800 F.2d 1308 (4th Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 763 (1987); *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.,* 831 F.2d 522 (4th Cir.1987); *Clagett v. Hutchison,* 583 F.2d 1259 (4th Cir.1978); *Meadows v. Bradshaw–Diehl Co.,* 139 W.Va. 569, 81 S.E.2d 63 (1954); *Gabelli & Co., Inc. v. Liggett Group, Inc.,* 479 A.2d 276 (Del.1984); *Moskowitz v. Bantrell,* 41 Del.Ch. 177, 190 A.2d 749 (Del. 1963); *Gottfried v. Gottfried,* 73 N.Y.S.2d 692 (N.Y.1947).

This case is unique, however, because the Plaintiff claims rights as a majority shareholder and complains dividends were suppressed by a minority shareholder. Silling, Sr. owed a fiduciary duty to the minority shareholders of One Morris. *Masinter v. WEBCO Co.,* 164 W.Va. 241, 262 S.E.2d 433 (1980). Silling, Sr. could have used his abilities as a majority shareholder to cause dividends to be declared, rather than resort to legal action. Having this ability, Silling, Sr. likely would have been estopped from making any claim about suppressed dividends in a lawsuit. The Plaintiff, who ostensibly claims this dividend by virtue of his late father's stock ownership, should enjoy no different position.

In West Virginia, shareholder derivative actions are controlled by West Virginia Code Section 31–1–103, which states, in pertinent part:

> "No action shall be brought in this State by a shareholder in the right of a domestic or foreign corporation *unless the plaintiff*

---

**1.** One Morris is a closely held corporation that owns and manages an apartment building in Charleston, West Virginia. Defendants Frank T. Litton, Jr. and Forrest Morris were elected directors of One Morris in July 1994.

*was a holder of record of shares* or of voting trust certificates therefor *at the time of the transaction of which he complains, or his shares or voting trust certificates thereafter devolved upon him by operation of law* from a person who was a holder of record at such time."

W.Va.Code § 31–1–103 (emphasis added).[2]

Here, the Plaintiff is not a "holder of record of shares" of One Morris. The question remains, however, whether ownership of the shares have "devolved upon him by operation of law." The parties agree beneficial ownership of shares is sufficient to bring a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure and West Virginia Code Section 31–1–103. The parties are in disagreement, however, on the question of whether the Plaintiff is a "beneficial owner."

██ Persons with a clear beneficial interest in a corporation may bring a derivative suit without being shareholders of record. *Felsenheld v. Bloch Brothers Tobacco Co.,* 119 W.Va. 167, 192 S.E. 545 (1937) (Beneficiaries of a trust were permitted to sue where the trust corpus consisted of shares); *In re Pittsburgh & Lake Erie R.R. Co. Securities & Antitrust Litig.,* 543 F.2d 1058, 1067 (3d Cir.1976) (pledgee of stock "has the same right to protect his stockholder's equity as a pledgor."); *Kenrich Corp. v. Miller,* 377 F.2d 312 (3d Cir.1967) (applying Delaware law) (one who purchased shares after the corporate acts in question, with an assignment of the right to sue for those acts, did not have standing); *H.F.G. Co. v. Pioneer Publishing Co.,* 162 F.2d 536 (7th Cir.1947) (beneficial owner need not also be a record owner in order to maintain an action); *Hurt v. Cotton States Fertilizer Co.,* 145 F.2d 293 (5th Cir. 1944) (applying Georgia law) (Plaintiff, the actual legatee of the shares, was found to have equitable ownership and standing to maintain an action), *cert. denied,* 324 U.S. 844, 65 S.Ct. 679, 89 L.Ed. 1406 (1945); 13 Fletcher *Cyclopedia of Corporations* § 5976, n. 2 (1991).

██ Further, beneficiaries of a trust holding stock are equitable shareholders who may bring an action against the corporation. *See Edgeworth v. First Nat'l Bank of Chicago,* 677 F.Supp. 982 (S.D.Ind.1988); *Cassata v. Cassata,* 148 A.D.2d 944, 538 N.Y.S.2d 960 (4 Dept.1989). Even contingent beneficiaries of a trust have been permitted to bring a derivative action against a corporation. *Pearce v. Superior Court of Kern County,* 149 Cal.App.3d 1058, 197 Cal.Rptr. 238 (Cal. App. 5 Dist.1983) (plaintiff was a current income beneficiary and contingent corpus beneficiary of an existing trust). However, a person who has an interest in an estate as a statutory distributee is not an equitable owner entitled to maintain a derivative action. Fletcher *Cyclopedia* at § 5976; *Faiello v. Li Castri,* 2 A.D.2d 749, 153 N.Y.S.2d 247 (2 Dept.1956).

In those cases, the plaintiffs were beneficiaries or beneficial owners of shares at the time of the alleged wrongful actions. Here, the Plaintiff complains of actions that allegedly occurred prior to the death of Silling, Sr. At those times, Silling, Sr. was both the beneficial owner and the record owner of the shares in question.

██ Here, the claim by the Plaintiff is too remote to be considered "beneficial" or "contingent" ownership. If the Court later should strike the codicils in question, the Plaintiff would be the owner of the shares. At that time, the Plaintiff could cause dividends to be declared without the assistance of the Court because he would have a controlling interest in the corporation. However, if the Court upholds the codicil, the Plaintiff would not have standing to bring a derivative suit.

The Plaintiff does not presently hold an equitable interest in the stock of One Morris. Willard H. Erwin, Jr. was the specific legatee of the stock and, since his death, his estate has an equitable interest. The Plaintiff would have an interest in the stock only if he prevails on the other causes of action in the Complaint. Because the Plaintiff does not presently possess an equitable interest in the

---

**2.** Although the issue of standing was raised peripherally in Defendant One Morris' Motion to Dismiss, it was inadequately briefed. However, the issue has been more adequately briefed in Defendant's Motion for Summary Judgment. Therefore, the Court will reexamine the issue.

stock, he has no standing to bring a derivative action.

Accordingly, the Court **GRANTS** the Defendants One Morris, Incorporated, Frank T. Litton, Jr., and Forrest Morris' Motion for Summary Judgment with regard to Count IV of the Second Amended Complaint and **ORDERS** these Defendants be dismissed from this action with prejudice.

The Clerk is directed to send a copy of this Order to counsel of record.