WESTCHESTER COUNTY.—HON. O. T. COFFIN, SURROGATE.—January, 1881.

## ROGERS v. ROGERS.

*In the matter of the estate of* JASON ROGERS, *deceased.*

The will appointed four trustees of certain trusts, and gave the testator's widow, and, after her death, the competent trustees, the power to appoint a trustee or trustees in the place of such as should die, or be unwilling or incompetent to execute the trusts. Two of the trustees failed to qualify; of the other two one proposed to resign; the widow nominated another trustee. Upon motion to compel such substituted trustee to file a bond, *Held*, that the power of appointment was valid; that while, under section 2814 of the Code of Civil Procedure, the Surrogate could entertain the application of the resigning trustee, and, under chapter 403 of the Laws of 1879, could appoint his successor and require a bond from him, the appointment by the widow was not dependent on such resignation, and that the Surrogate had no power to require a bond from her appointee.

THE testator, in and by his last will and testament, among other things, appointed Jacob S. Rogers, Columbus B. Rogers, Theodore Rogers and Thomas Rogers trustees of certain trusts, and provided as follows for the filling of vacancies : " And I hereby declare that if said trustees, or any of them, or any person or persons to be appointed under this clause, shall die, or be unwilling or incompetent to execute the trusts of my will,

it shall be lawful for my said wife, during her life, and, after her death, for the competent trustees or trustee for the time being, whether retiring from the office of trustee or not, or for the executors or administrators of the last surviving trustee, to substitute by any writing under their or his hands or hand, any fit person or persons to be trustees or trustee, in whom alone, or jointly with the surviving or continuing trustees or trustee, my trust estate shall be vested."

Jacob S. Rogers and Theodore Rogers did not qualify nor enter upon the performance of the trust; but the others did. Theodore is now dead, and Columbus B. Rogers proposes to resign, and in that event Thomas Rogers would be left sole acting trustee. The widow, however, has, by virtue of the power conferred upon her by the will, selected Hon. Silas D. Gifford to act as such trustee, to fill one of the vacancies, and the question was whether he must give a bond as required by chapter 406 of the Laws of 1879, and section 2818 of the Code.

THOMAS ROGERS, *in person.*

A. S. LEVY, *for C. B. Rogers.*

THE SURROGATE.—At common law, the provision made in the will for filling vacancies in the office of trustee is good (*Lewin on Trusts*, 465; and see Hartnett *v.* Wandell, 60 *N. Y.*, 346; and Belmont *v.* O'Brien, 12 *Id.*, 394), and I am not aware of any statute contravening the right of appointment thus conferred upon the widow. The trust may be executed by the surviving trustees even if she should not exercise that right. (*Ib.*, 267, 268.) She now proposes to appoint Judge Gifford to fill a vacancy. She is the donee of the power and

may alone exercise it, without any interference of this court, and her appointee may at once enter upon the discharge of his duties. I have no power to exact a bond from him. Should he accept the appointment and enter upon the discharge of his duties, and subsequently an application be made for his removal, under section 2315 of the Code, a bond might be required in the cases therein contemplated.

Section 2814 of the Code provides for the voluntary accounting and the resignation of a trustee, and clothes the Surrogate with power to entertain his application or not, in his discretion; if he does, and the account is satisfactory, and on his paying over the funds and delivering the property as the Surrogate directs, his resignation may be accepted. The law of 1879, referred to, confers upon the Surrogate a discretionary power, in case he accept a resignation, to appoint a successor, in which event he shall require a bond. But the proposed appointment is not dependent upon the resignation of either of the present trustees, and if it were, the right of the widow is paramount; and there is no law requiring this court to exact a bond from the person she may select. Section 2818 of the Code provides for the appointment of a successor to a *sole* testamentary trustee "unless such an appointment would contravene the express terms of the will," and does not apply here.

It will thus be seen that while the resignation of Columbus B. Rogers as trustee may be accepted, under section 2814, there is no power to deprive the widow of the right to appoint conferred upon her, and no

bond can be required where the appointment is not made by the court.

·Ordered accordingly.