In re BOYLE (two cases). (Nos. 573 E, 574 E.)

(Supreme Court, Appellate Division, Second Department. February 19, 1915.)

1. TRUSTS (§ 166*)—TRUSTEE—REMOVAL FROM OFFICE—GROUNDS.

Under a will providing for the creation of a corporation which was to be an agency for administering the estate, and of which testamentary trustees were to be incorporators, where one of the executors and trustees tried to prevent and embarrass the formation of the corporation, failed adequately to participate in its management, suggested winding it up or selling his stock, basing his suggestion upon a statement which in dutiful attention to affairs he should have known to be untrue, by repeated evidences of animosity to the will and misleading statements of the financial condition and credit of the corporation and the purpose of its directors, indicated a want of knowledge or inattention to affairs calculated to be injurious to the estate, and detained a check for a large amount without effort to discover the propriety of issuing and paying it, thereby showing an abiding inertia, indifference, or design to thwart or retard the administration of the trust, he was properly removed from office.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 217, 218; Dec. Dig. § 166.*]

2. TRUSTS (§ 169*)—REMOVAL OF TRUSTEE—APPOINTMENT OF SUCCESSOR.

Under a will authorizing trustees thereby appointed to fill vacancies in the trusteeship, where the two surviving trustees failed through inability to agree to exercise this power, the surrogate had power to entertain concurrently proceedings to remove one of the surviving trustees and to fill the vacancy, especially upon the petition of the trustee authorized to make the appointment in case of the removal of her cotrustee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 222–224; Dec. Dig. § 169.*]

Appeal from Surrogate's Court, Kings County.

Applications by Phœbe A. D. Boyle for the appointment of a successor to John Neuscheler, deceased, as executor and trustee of John Boyle, deceased, and for the removal of John H: B. Boyle as one of the executors and trustees of John Boyle, deceased. From decrees granting the relief prayed for, John H. B. Boyle, individually and as executor and trustee of John Boyle, deceased, appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Delos McCurdy, of New York City, for appellant.

Charles Strauss, of New York City (Louis B. Hasbrouck, of New York City, on the brief), for respondent Boyle.

Martin B. Faris, of New York City, for respondents Bell.

Charles Strauss, of New York City (Eugene D. Boyer, of New York City, on the brief), for respondents Elger and others.

Benjamin H. Newell, of New York City, special guardian, for infant respondent Bell.

Joseph G. Quinn, Jr., of New York City, for respondent Rothwell.

John Caldwell Myers, of New York City, special guardian, for infant respondents Elger.

PER CURIAM. [1] The surrogate, upon the facts proven, was authorized to appoint Mr. Randall as executor and trustee to succeed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Mr. Neuscheler, and to remove Mr. John H. B. Boyle from such positions. Matter of Smith, 7 N. Y. Supp. 327; Matter of Havemeyer, 3 App. Div. 519, 38 N. Y. Supp. 292; Oliver v. Frisbie, 3 Dem. Sur. 22; Matter of Engel, 155 App. Div. 467, 140 N. Y. Supp. 286. Randall, like his predecessors, had the confidence of the testator, as the will shows, and it was provided that the persons appointed trustees should be incorporators. It is desirable that such persons should have active participation in the corporation, which is an agency for administering the estate. The value of the trust estate is dependent in a large degree upon the stock of the corporation, the success of which requires provident, attentive, and skillful management by its directors. The corporation exists by direction of the will. The intention of Mr. Boyle to prevent or to embarrass the formation of the corporation is evident. His failure adequately to participate in its management as a director appears from his testimony, his suggestion of winding it up or selling his stock appears over his signature, and his reason is founded upon a statement which in dutiful attention to affairs he would have known to be untrue.. Repeated evidences of animosity to the will, his misleading statements of the financial condition of the corporation, its credit, and the purposes of the directors, indicate want of knowledge and inattention to affairs calculated to be injurious to the estate. The detention of the check for $45,000 without effort to discover the propriety of issuing and paying it, until menaced by these proceedings, shows an abiding inertia, indifference, or design to thwart or retard the administration of the trust. Whatever the motive or cause of his speech and action, or failure to act, he seems to have disqualified himself for holding the position of trust, although his usual integrity and industry in other respects indicate that he could do well if he set himself to the task. The real trouble is that he has not devoted himself painstakingly to the work according to his intelligence and opportunity.

It is urged that the money of the estate to a large amount has been invested improvidently in mortgages. If that be so, the fault of it in some degree may be due to his supineness and lack of faithful participation in the administration, and to abnegation of authority. It is not enough for him to complain and accuse, when he has not offered prevention by active interposition. He states that from first to last he has been advised by counsel, and that he has acted upon that advice. It is difficult to believe that counsel would lead him to be unfaithful to the testamentary wishes of his father, the testator, or would be so inexpert in law as to advise him to shun his duties, or to be infirm in matters of administration.

[2] The surrogate had power to entertain concurrently the two proceedings, one to remove one of the two surviving trustees, and one to fill a vacancy in the trusteeship, especially upon the petition of the trustee authorized to make the appointment in case of removal of her cotrustee. The trustees were given power to appoint. If they failed from inability to agree, the power should not on that account fail, if the necessities of the estate required the appointment, as it did. Rogers v. Rogers, 4 Red. 521; Hill on Trustees, p. 188; Bronson v.

Bronson, 48 How. Prac. 481, 489; 1 Perry on Trusts [6th Ed.] § 287, p. 494; Cone v. Cone, 61 S. C. 512, 39 S. E. 748; Griswold v. Sackett, 21 R. I. 206, 42 Atl. 868.

The brief submitted for the appellant indicates an abatement of professional civility and makes unjust references to an irreproachable public officer. The prominent counsel who subscribes the brief was not in court when argument was made for the respondent, inasmuch as the case was submitted for his clients. He therefore could not then be apprised of the objectionable features of the brief. We believe that he has such a high and proper sense of the proprieties of our profession that he will, upon reconsideration, voluntarily withdraw these unjust aspersions. And we prefer in the first instance to leave this matter for his disposition.

The decree in each case should be affirmed, with costs against the appellant. All concur, except BURR, J., not voting.