■ In the Matter of the Estate of CHARLES ABRAMS, Deceased. CHARLES M. HAAR, as Successor Trustee of the Trust for the Benefit of ABBY ABRAMS Under the Last Will and Testament of CHARLES ABRAMS, Deceased, et al., Respondents; ADAM ABRAMS et al., Appellants. [662 NYS2d 760] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about September 30, 1996, which, *inter alia*, dismissed certain objections to a trustee accounting of a residuary trust created under the subject will, unanimously affirmed, with costs.

The objectants challenge the funding of their mother's residuary trust on the ground that EPTL 2-1.9 precluded the decedent's widow from sharing in the appreciation of the decedent's estate, and urge that the release their mother executed is not binding upon them because her interests were in conflict with their own. The Surrogate properly rejected both contentions. EPTL 2-1.9 does not prohibit the distribution of the appreciation of a legacy that is not strictly pecuniary in nature, and, in any event, the sort of hybrid marital legacy bestowed herein upon the widow was constructively distributed to her in 1974, when there had been no appreciation in the estate. It was only later, as the real estate market improved, that the appreciation occurred. As the Surrogate ruled, nothing in EPTL 2-1.9 requires that the widow be deprived of this appreciation of her own property merely because she did not immediately withdraw her share of the decedent's estate but instead acceded to the decedent's wishes, as stated in the will, to maintain the family real estate business as a unified whole for as long as practicable. Concerning the release, itself a sufficient basis for rejecting the objections regardless of the effect of EPTL 2-1.9, although the concept of virtual representation "is to be applied with caution" (*Matter of Goldstick*, 177 AD2d 225, 233), releases have long been a preferred method of settling fiduciary accounts, and the objectants, who, as remain-

derpersons of their mother's trust, shared her interest in achieving its maximum possible funding, have presented no evidence of conflict or other reason justifying its avoidance. We have considered the objectants' remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.