■ In the Matter of MARCUS TRUSTS. GERALD ROSENBLUM, Petitioner; ARNOLD MARCUS et al., Appellants; ROBERTA S. DOBEN et al., Respondents. [769 NYS2d 56]—

In a proceeding to determine the validity of two trusts as well as the purported exercises of powers of appointment over the corpus of the trusts, Arnold Marcus, Bonnie Marcus, Jonathan Marcus, Sloane Marcus, and Harvey Serota appeal from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated March 28, 2002, as amended September 3, 2002, which determined that the trusts were valid and that the exercises of the powers of appointment were valid.

Ordered that the appeal insofar as taken by Bonnie Marcus, Jonathan Marcus, and Sloane Marcus is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order, as amended, is affirmed, with one bill of costs payable by the appellants Arnold Marcus and Harvey Serota personally.

The contention of Arnold Marcus and Harvey Serota (hereinafter the appellants) that the 1972 MG2 Trust was not validly formed because a complete trust agreement was never executed is not persuasive. "An express trust may be created orally or in writing; no particular form of words is necessary, and it may arise by implication from the settlor's conduct" (*Orentreich v Prudential Ins. Co. of Am.,* 275 AD2d 685 [2000]). It is undisputed that all of the essential elements of a trust—a designated beneficiary, a designated trustee, a clearly identifiable res, and delivery of the res by the grantor to the trustee with the intent of vesting legal title in the trustee—are present (*see e.g. In re Shelley's Estate,* 50 NYS2d 570 [1944]). Therefore, the grantor's failure to sign the 1972 MG2 Trust document does not invalidate the trust so created.

The appellants' argument with respect to the 1984 RSX Trust is similarly without merit. There is no direct evidence that Arnold Marcus's exercise of the power of appointment was done in a manner not contemplated or permitted by the grantor of the T-619 Settlement. Therefore, the Surrogate properly found that the 1984 RSX Trust was valid (*see e.g. In re Shelley's Estate, supra*).

The appellants' remaining contentions are without merit. Ritter, J.P., Smith, S. Miller and Adams, JJ., concur. [*See* 191 Misc 2d 497.]