In the Matter of the Estate of PAULA M. VENEZIA, Deceased. JOANNE ZACCARIA, Appellant; EDWARD HAYES PENNINGTON III, Respondent. [809 NYS2d 129]—

In a probate proceeding, the petitioner, Joanne Zaccaria, appeals from so much of a decree of the Surrogate's Court, Kings County (Feinberg, S.), dated July 1, 2004, as denied that branch of her cross motion which was for the issuance of preliminary letters testamentary to her for the estate of Paula M. Venezia, and granted those branches of the motion of the objectant, Edward Hayes Pennington III, which were to deny the issuance

of preliminary letters testamentary to the petitioner for that estate, to disqualify the petitioner from service as executrix, and to issue letters of administration to Edward Hayes Pennington III.

Ordered that the decree is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Kings County, for an evidentiary hearing in accordance herewith, and thereafter, a new determination on that branch of the cross motion which was for the issuance of preliminary letters testamentary to the appellant, and those branches of the motion which were to deny the issuance of preliminary letters testamentary to the appellant, to disqualify the appellant from service as executrix, and to issue letters of administration to Edward Hayes Pennington III.

A testator or testatrix has the right to determine who is most suitable among those legally qualified to settle his or her affairs, and that selection is not to be lightly discarded (*see Matter of Flood,* 236 NY 408, 410; *Matter of Leland,* 219 NY 387, 392). While the Surrogate may disqualify a person from receiving letters of administration where the friction between such person and a beneficiary interferes with the proper administration of the estate (*see Matter of Jurzykowski,* 36 AD2d 488 [1971], *affd* 30 NY2d 510 [1972]; *Matter of Thompson,* 232 AD2d 219 [1996]), mere friction or hostility between such person and a beneficiary is not sufficient grounds for removal (*see Matter of Edwards,* 274 App Div 244, 247-249 [1948]; *Matter of Miller,* 48 Misc 2d 815).

Here, the testatrix, in her last will and testament, expressly nominated and appointed the petitioner as the executrix of her estate. Thus, her intent as to this appointment was clear. The Surrogate's Court, inter alia, denied that branch of the petitioner's cross motion which was for the issuance of preliminary letters testamentary and granted that branch of the motion of the objectant, Edward Hayes Pennington III, which was to deny the issuance of preliminary letters testamentary to her. Based upon the motion papers alone, the Surrogate's Court concluded, among other things, that the relationship between the petitioner and her attorneys, and the objectant, was "palpably poisoned," and that the papers submitted by the objectant evidenced a "rational hostility . . . toward [the petitioner] and her counsel." We further note that the Surrogate's Court, in rendering its decision, deemed it unnecessary, in light of its conclusion, to reach the issue of whether the petitioner's appointment under the will as the executrix was procured by undue influence.

Notwithstanding the evidence demonstrating that there was friction and hostility in the relationship between the petitioner and her counsel, and the objectant, an evidentiary hearing should have been held to determine whether such friction and hostility would interfere with the proper administration of the estate and whether the petitioner's appointment as executrix under the will was procured by undue influence (*see Matter of Scheu,* 29 AD2d 626 [1967]; *Matter of Goldman,* 8 AD2d 737, 738 [1959]), thereby warranting a departure from the express intent of the testatrix. Thus, we remit the matter to the Surrogate's Court, Kings County, for an evidentiary hearing on those issues and thereafter, a new determination on that branch of the cross motion which was for the issuance of preliminary letters testamentary to the appellant, and those branches of the motion which were to deny the issuance of preliminary letters testamentary to the appellant, to disqualify the appellant from service as executrix, and to issue letters of administration to Edward Hayes Pennington III.

The petitioner's remaining contentions are without merit. Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.