■ In the Matter of JUDITH N. DOMAN, Also Known as JUDITH DOMAN, Deceased. CYNTHIA P. SCHNEIDER, Appellant; ALEXANDER N. DOMAN, Respondent. [890 NYS2d 632]—

The decedent, Judith N. Doman, also known as Judith Doman (hereinafter Judith), and her husband, Nicholas Doman (hereinafter Nicholas), were married on June 6, 1992, a second marriage for both, where each spouse had two adult children from the prior marriage. On August 24, 1998, Judith executed a trust instrument called the Doman Qualified Personal Residence Trust (hereinafter the Trust), which designated Judith as the grantor and cotrustee of the Trust and provided, inter alia, that Judith would receive the income from the Trust for life. The Trust further provided for an unrelated trust created for the primary benefit of Nicholas's son Alexander Doman to receive the remainder of the Trust upon Judith's death. The shares referable to a Fifth Avenue cooperative apartment (hereinafter the shares) in which Judith and Nicholas resided (hereinafter the Apartment) were identified as the property of the Trust.

Nicholas transferred his ownership of the shares to Judith and, inter alia, assigned a proprietary lease dated January 29, 1999, which the cooperative corporation executed on March 4, 1999. Judith conveyed the shares to the Trust and assigned the proprietary lease, also dated January 29, 1999, and executed by the cooperative corporation on March 4, 1999.

After Nicholas's death in January 2004, Judith and the cotrustee of the Trust sold the Apartment for the sum of $1.6 million and converted the Trust to a qualified annuity trust

(hereinafter the QAT), pursuant to the terms of the Trust. At the time of Judith's death on May 5, 2006, she had received commissions and distributions from the Trust and the QAT in the sum of more than $236,000. The present value of the QAT is $1.1 million.

The petitioner, Cynthia P. Schneider, Judith's daughter and the primary beneficiary of Judith's estate, commenced a proceeding on April 4, 2008, inter alia, to invalidate the Trust because it was not funded at the time it was created, and to impose a constructive trust on the remainder of the Trust property.

On a motion to dismiss a petition pursuant to CPLR 3211 (a) (7), the court must liberally construe the pleading, with the facts alleged deemed to be true, and accord the petitioner the benefit of every possible favorable inference (*see Leon v Martinez,* 84 NY2d 83 [1994]; *Katz v Katz,* 55 AD3d 680, 682 [2008]; *Breytman v Olinville Realty, LLC,* 54 AD3d 703, 703-704 [2008]). When evidentiary material is considered, "[t]he criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Fast Track Funding Corp. v Perrone,* 19 AD3d 362, 362-363 [2005], quoting *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]).

A valid express trust requires (1) a designated beneficiary, (2) a designated trustee, (3) a fund or other property sufficiently designated or identified to enable title of the property to pass to the trustee, and (4) actual delivery of the fund or property, with the intention of vesting legal title in the trustee (*see Brown v Spohr,* 180 NY 201, 209 [1904]; *cf.* EPTL 7-1.18 ["A lifetime trust shall be valid as to any assets therein to the extent the assets have been transferred to the trust"]).

There is no support for the petitioner's contention that the Trust was invalid because the property which was the subject of the Trust was not delivered into the Trust until six months after the Trust was created (*cf. Matter of Marcus Trusts,* 2 AD3d 640 [2003]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.