*690 In an action to recover damages for alleged fraudulent conveyances in connection with a trust agreement, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), dated August 17, 2011, as granted that branch of the defendants’ motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), and denied her cross motion for leave to amend the complaint, and (2) from an order of the same court dated December 7, 2011, which denied her motion for leave to reargue.
Ordered that the appeal from the order dated December 7, 2011, is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated August 17, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The Supreme Court properly granted that branch of the defendants’ motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). The complaint failed to state a cause of action, since the alleged fraudulent conveyances took place more than 18 months before the plaintiffs claims arose, and the complaint failed to allege facts that would support an inference that the conveyances evinced a fraudulent intent (see CPLR 3211 [a] [7]; Debtor and Creditor Law §§ 275, 276; Matter of Steinberg v Levine, 6 AD3d 620, 621 [2004]; Dempster v Overview Equities, 4 AD3d 495, 498 [2004]). In addition, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs cross motion for leave to amend the complaint (see Smith-Hoy v AMC Prop. Evaluations, Inc., 52 AD3d 809 [2008]; see also Matter of Doman, 68 AD3d 862 [2009]). Dillon, J.P, Austin, Sgroi and Cohen, JJ, concur.