■ In the Matter of SANDRA BERLIN, Deceased. MARTIN BERLIN, Appellant; LEONARD BERLIN, Respondent. [24 NYS3d 320]—

In a probate proceeding, Martin Berlin, as the former successor co-executor of the estate of Sandra Berlin, appeals (1) from stated portions of an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated December 9, 2013, (2), as limited by his brief, from so much of a decree of the same court dated March 11, 2014, as, upon the order, revoked letters testamentary dated August 20, 2012, appointing him as successor co-executor of the estate of Sandra Berlin, and directed Leonard Berlin, as the fiduciary of Norman Berlin, the deceased executor of the estate of Sandra Berlin, to collect and distribute the assets of the estate of Sandra Berlin pursuant to the terms of her will, (3) a decree of the same court, also dated March 11, 2014, which, upon the order, removed him as successor co-executor of the estate of Sandra Berlin, revoked letters testamentary dated August 20, 2012, appointing him as successor co-executor of the estate of Sandra Berlin, and directed Leonard Berlin, as the fiduciary of Norman Berlin, the

deceased executor of the estate of Sandra Berlin, to collect and distribute the assets of the estate of Sandra Berlin pursuant to the terms of her will, and (4), as limited by his brief, from stated portions of a decree of the same court dated May 12, 2014, which, inter alia, judicially settled the account of the estate of Sandra Berlin filed by Leonard Berlin, directed Leonard Berlin, as the fiduciary of Norman Berlin, the deceased executor of the estate of Sandra Berlin, to collect and distribute the assets of the estate of Sandra Berlin pursuant to the terms of her will, and awarded him the sum of only $7,500 in legal fees.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the first decree dated March 11, 2014, is dismissed, as the portions of that decree appealed from were superseded by the second decree dated March 11, 2014; and it is further,

Ordered that the appeal from so much of the second decree dated March 11, 2014, as directed Leonard Berlin, as the fiduciary of Norman Berlin, the deceased executor of the estate of Sandra Berlin, to collect and distribute the assets of the estate of Sandra Berlin pursuant to the terms of her will, is dismissed, as that portion of that decree was superseded by the decree dated May 12, 2014; and it is further,

Ordered that the second decree dated March 11, 2014, is affirmed insofar as reviewed; and it is further,

Ordered that the decree dated May 12, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to Leonard Berlin payable by Martin Berlin.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decrees dated March 11, 2014, and May 12, 2014 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the second decree dated March 11, 2014, and the decree dated May 12, 2014 (*see* CPLR 5501 [a] [1]).

The decedent, Sandra Berlin, died in 2003 and, pursuant to the terms of her will, her surviving husband, Norman Berlin, was appointed the executor of her estate. Norman marshaled the estate's assets, but did not distribute them and did not create the testamentary trusts specified in the will. Norman's brother, Martin Berlin, acted as Norman's attorney and tax advisor for the purposes of administering Sandra's estate.

Upon Norman's death in April 2012, Martin and Leonard Berlin (one of Norman and Sandra's two sons) were appointed successor co-executors of Sandra's estate, consistent with the nominations in her will. Leonard was also appointed executor of Norman's estate. Pursuant to the terms of Sandra's will, upon Norman's death, Leonard and his brother, Stephen Berlin, each became entitled to one half of the sum which was to have made up the corpus of the primary testamentary trust. Because Stephen had predeceased Norman, his share passed, in equal portions, to his three children (i.e., Sandra's grandchildren).

Even prior to the issuance of letters testamentary to Martin and Leonard as successor co-executors, acrimony arose between them regarding the administration of Sandra's estate. Eventually, Martin petitioned, and Leonard cross-petitioned, to remove each other as successor co-executor. In an order dated January 31, 2013, addressing Martin's petition and Leonard's cross-petition, the Surrogate's Court elected to hold the matter in abeyance and directed Leonard, as fiduciary of Norman's estate, to prepare and submit an accounting so that it could be determined whether the estate's assets had been marshaled and were sufficiently liquid to permit distribution to Sandra's heirs. Leonard's initial accounting, which accounted only for the period of his own administration, was rejected and, at the Surrogate's direction, Leonard filed a second accounting addressing both Norman's administration of Sandra's estate and his own. Martin, in his capacity as co-executor, filed objections to Leonard's second accounting, contending that it demonstrated mismanagement of the estate's assets. He also sought disclosure from Leonard pursuant to Surrogate's Court Procedure Act § 2211 (2) and, when it was not immediately forthcoming, moved for sanctions against Leonard pursuant to CPLR 3126. Sandra's heirs did not file objections or otherwise appear in the proceeding.

In the order appealed from dated December 9, 2013, the Surrogate's Court granted both Martin's petition to remove Leonard, and Leonard's cross petition to remove Martin, as successor co-executor of the estate of Sandra Berlin. The court found that, because the acrimony and hostility between Martin and Leonard was so great, they could not, then or in the near future, work together toward the prompt disposition of Sandra's estate. The court also dismissed Martin's objections to Leonard's accounting, stating that, pursuant to its direction, the accounting was addressed only to the question of whether the estate's assets had been marshaled and were sufficiently liquid to permit distribution, and that Martin's objections were

therefore irrevelant. The court, therefore, granted Leonard's petition to settle the account of Sandra's estate. The court also denied Martin's separate fee application for his legal services to the estate, concluding that much of the work Martin had performed was unnecessary and had not benefitted Sandra's estate. In particular, the court found that Martin's work on his objections to Leonard's accounting did not benefit the estate. Accordingly, the court awarded him only $7,500 in legal fees rather than the approximately $26,000 he sought. The court also, in effect, denied Martin's motion seeking sanctions for failure to comply with disclosure.

Thereafter, the Surrogate's Court entered two decrees, both dated March 11, 2014, removing both Martin and Leonard as successor co-executors of Sandra's estate, respectively, revoking the letters testamentary issued to them, and directing Leonard, as the fiduciary of Norman's estate, to collect and distribute the assets of Sandra's estate pursuant to her will. The court issued a third decree, dated May 12, 2014, which, inter alia, judicially settled the account of Sandra's estate filed by Leonard as the fiduciary of Norman's estate, again directed Leonard, as the fiduciary of Norman's estate, to collect and distribute the assets of Sandra's estate, and awarded Martin $7,500 in legal fees. Martin appeals from the order dated December 9, 2013, and all three decrees, contending that only Leonard should have been removed as successor co-executor, that his objections should have been granted, and that he should have been empowered to collect and distribute the assets of the estate.

As Leonard contends, an individual who lacks an interest in an estate lacks standing to object to the accounting filed by its executor (*see Matter of Vaughn*, 267 AD2d 763, 763-764 [1999]; *Matter of Woods*, 36 AD2d 880 [1971]; *Matter of Lawrence*, 271 App Div 897 [1946]). However, "[r]egardless of his standing as a beneficiary," a co-executor has standing to file objections since "[a]n executor is a fiduciary who owes 'a duty of undivided loyalty to the decedent and ha[s] a duty to preserve the assets that [decedent] entrusted to them' " (*Matter of Schultz*, 104 AD3d 1146, 1148 [2013], quoting *Matter of Donner*, 82 NY2d 574, 584 [1993]; *see Matter of Chatterley*, 266 App Div 1006 [1943]). Here, at the time he filed his objections, Martin was a successor co-executor of the estate and, as such, had standing to file objections to Leonard's accounting.

Because Leonard's accounting, filed in his capacity as the fiduciary of Norman's estate, was ordered by the Surrogate's Court, the court was free to define the scope of that accounting

(*see* SCPA 2205 [1]; *Matter of Morrison*, 268 AD2d 435, 436 [2000]; *see also* SCPA 2207 [5]). Given the court's directive that Leonard account for the purpose of establishing whether Sandra's estate was sufficiently liquid to permit its distribution, it properly determined that Martin's objections to the accounting of the estate were irrelevant and properly dismissed them.

The record likewise supports the Surrogate's Court's determination to remove Martin as successor co-executor and to revoke the letters testamentary issued to him. "A testator or testatrix has the right to determine who is most suitable among those legally qualified to settle his or her affairs, and that selection is not to be lightly discarded" (*Matter of Venezia*, 25 AD3d 717, 718 [2006]; *see Matter of Duke*, 87 NY2d 465, 473 [1996]; *Matter of Mercer*, 119 AD3d 689, 691 [2014]; *Matter of Farber*, 98 AD2d 720 [1983]). However, where the evidence before the court demonstrates antagonism between co-fiduciaries who are "interfering with the proper administration of the estate," and where there is evidence that "future cooperation [is] unlikely," a Surrogate's determination to remove the fiduciary is a proper exercise of discretion (*Matter of Duell*, 258 AD2d 382, 383 [1999]; *see Matter of Paladino*, 135 AD2d 541 [1987]; *Matter of Boyle*, 166 App Div 504, 506 [1915], *affd* 217 NY 673 [1916]; *see also Matter of Venezia*, 25 AD3d at 719). Here, the record before the court amply supported its conclusion that the animosity between Martin and Leonard not only would, but already had, interfered with the expeditious administration of Sandra's estate, which had been pending for a decade and had, in the brief period of their co-executorship, generated substantial litigation. Furthermore, because the court held in abeyance the parties' cross petitions to remove one another until after Leonard's accounting had been filed, at the time the court removed Martin and Leonard as co-executors, it was clear that Leonard, in his capacity as the fiduciary of Norman's estate, could promptly marshal the assets and distribute Sandra's estate. Accordingly, the court providently exercised his discretion in removing Martin personally as successor co-executor of Sandra's estate and directing Leonard, as the fiduciary of Norman's estate, to collect and distribute the assets of Sandra's estate.

Pursuant to SCPA 2110 (1), the Surrogate's Court has the power to fix the compensation of an attorney for his or her services as a fiduciary. "An award of counsel fees and expenses is 'dependent upon a finding that [counsel's] services were necessary and beneficial to the estate' " (*Matter of Ajala*, 117

AD3d 550, 550 [2014], quoting *Matter of Hofmann*, 284 AD2d 92, 95 [2001]; *see Matter of Pelgram*, 239 App Div 18, 20-21 [1933]). The Surrogate is in the best position to determine the reasonable value of attorney's time and to determine which of the attorney's services benefitted the estate and which benefitted only individual interests (*see Matter of Talbot*, 122 AD3d 867, 868 [2014]; *Matter of Tarlow*, 111 AD3d 751 [2013]; *Matter of Graham*, 238 AD2d 682, 686 [1997]). Here, the court correctly determined that much of the work performed by Martin, including his preparation of irrevelant objections to Leonard's second accounting, did not benefit Sandra's estate and, therefore, properly awarded him only $7,500 in legal fees.

Finally, the Surrogate's Court correctly found that Martin had not established his entitlement to sanctions against Leonard pursuant to CPLR 3126 (*see Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.*, 127 AD3d 680, 681 [2015]; *Palmieri v Piano Exch., Inc.*, 124 AD3d 611, 612 [2015]; *Dimoulas v Roca*, 120 AD3d 1293, 1295 [2014]; *Commisso v Orshan*, 85 AD3d 845 [2011]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.