16-1958-cv
Ladjevardian v. Republic of Argentina

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand sixteen.

PRESENT:   DENNY CHIN,
           SUSAN L. CARNEY,
                    *Circuit Judges*.
           KATHERINE B. FORREST,
                    *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MOHAMMAD LADJEVARDIAN, LAINA CORP.,
PENRIN SERVICES B.V.I., LAYMAN B.V., BAKA N.V.,
TROYTON CONSULTANTS LTD., SPHINX OVERSEA
LTD., BLUEVIEW HOLDINGS LTD., JAHANSOOZ
SALEH,
                    *Plaintiffs-Appellants*,

MEHDI SHARIFAN, KAMBIZ ANSARI, TIAL INC.
B.V.I., MOZAFAR JANDAGHI, FARIDEH JANDAGHI,
MOWDAR CORP.,
                    *Plaintiffs*,

                    v.                                    16-1958-cv

---

[*]        Judge Katherine B. Forrest, United States District Court for the Southern District of New York, sitting by designation.

THE REPUBLIC OF ARGENTINA,
                              *Defendant-Appellee,*

THE BANK OF NEW YORK MELLON,
                              *Non-Party-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:     JESSICA J. SLEATER, Andersen Sleater LLC, New York, New York.

FOR DEFENDANT-APPELLEE:        CARMINE D. BOCCUZZI, Michael M. Brennan, Richard Freeman, Clearly Gottleib Steen & Hamilton LLP, New York, New York.

FOR NON-PARTY-APPELLEE:        ERIC A. SHAFFER and Evan K. Farber, Reed Smith LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiffs-appellants ("appellants"), who hold bonds issued by and judgments against defendant-appellee the Republic of Argentina (the "Republic"), appeal from a May 26, 2016 opinion and order of the United States District Court for the Southern District of New York denying appellants' motions for writs of execution and turnover orders directed at purported Argentine assets held by two non-party financial institutions, JPMorgan Chase & Co. ("JPM") and Bank of New York Mellon ("BNYM").

BNYM intervenes as a non-party in opposition to the appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On February 5, 2016, the Republic announced a global proposal for settling the claims of all holders of outstanding defaulted Argentine bonds. Bondholders owning the vast majority of outstanding claims thereafter entered into settlement agreements with the Republic. Appellants did not. The district court authorized the Republic to issue additional bonds to raise the funds to pay the settlements. The Republic raised $9.371 billion.

On April 21, 2016, the Republic entered into a settlement trust agreement with BNYM (the "Agreement"), naming BNYM as trustee. The Agreement provided that on the closing date, BNYM would receive the proceeds from the bond sales and thereafter would hold the funds in trust for the benefit of the settlement beneficiaries. On April 26 and 29, 2016, appellants moved under Federal Rule of Civil Procedure 69(a) for writs of execution and turnover orders against the Republic, JPM, and BNYM, pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 5225(b) and 5230, targeting the proceeds from the bond issuance that were "not [being] used to pay" settlements with other bondholders. Joint App. at 26-29. In their reply brief to the district court below, appellants abandoned their claim to any assets held by JPM. The

district court denied their motion for a writ of execution and turnover order as to BNYM.[1]

Appellants argue that the district court (1) abused its discretion in determining that appellants are not entitled to a turnover order against the BNYM trust funds, (2) erred in determining that the trust funds were immune from execution under the Foreign Sovereign Immunities Act ("FSIA"), and (3) abused its discretion in denying appellants' motion for discovery. Because we conclude that the district court did not abuse its discretion in denying the motion for a writ of execution and turnover order against BNYM, we need not address appellants' FSIA argument.

We review a denial of a writ of execution and turnover order for abuse of discretion. *See Aurelius Capital Partners, LP v. Republic of Argentina*, 584 F.3d 120, 129 (2d Cir. 2009). CPLR § 5225(b) permits a judgment creditor to obtain assets that are owned by the judgment debtor but in the possession of a third party when two requirements are met: first, the judgment debtor has an interest in the property; and second, the judgment debtor is entitled to possess the property, or, in the alternative, the judgment creditor's rights are superior to those of the party in possession. *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991). Here, the district court correctly denied appellants' motion for a writ of execution and turnover order because the Republic does

---

[1] The district court noted that "JPM's only role in the bond issuance was as an initial purchaser of bonds for resale to its clients," and it did not receive any bond proceeds. Special App. at 5.

- 4 -

not have an interest in the trust funds, the Republic is not entitled to possess the trust funds, and the appellants do not have rights to the trust funds that are superior to BNYM's rights.

The Agreement provided that the Republic irrevocably assigned its "right to receive the full amount of the [proceeds from the bond sale] upon the closing . . . of the issuance of the New Bonds" to be held by the trustee for the benefit of the bondholders who had entered into settlement agreements. Joint App. at 185. It left the Republic without "any right, title or interest (including, for the avoidance of doubt, proprietary or reversionary interest) of any kind" in the proceeds. *Id.* at 187. This language is unambiguous, and appellants' argument that the Republic has an interest in the trust funds is directly contradicted by the plain language of the Agreement. The BNYM account is not, as appellants suggest, an ordinary bank account, but a trust. *See In re Doman*, 890 N.Y.S.2d 632, 634 (2d Dep't 2009) (express trust requires, *inter alia*, "actual delivery of the fund or property, with the intention of vesting *legal title* in the trustee" (emphasis added)). BNYM is the trustee of the account, not the Republic's agent. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 586 (1990) (Kennedy, *J.*, dissenting) ("A trustee is not an agent. An agent represents and acts for his principal . . . . [A trustee] has no principal." (quoting *Taylor v. Davis*, 110 U.S. 330, 334-35 (1884))). The Agreement does not require instruction from the Republic; it instructs BNYM to deliver the trust funds to the beneficiaries in accordance with the

Agreement's settlement procedures, and provides that BNYM can take or refuse to take action in its sole discretion.

Finally, appellants argue that the Republic has an interest in the surplus funds in the trust account. The Agreement provides that any surplus trust funds shall be paid to the Banco Central de la República Argentina ("BCRA") for application against the debt the Republic owes to BCRA. Appellants argue that the Republic and BCRA are the same entity. We presume that an instrumentality of a foreign state has separate juridical status and appellants carry the burden of proving that BCRA is not entitled to separate recognition. *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 479 (2d Cir. 2007). Appellants' representation that BCRA participated in the April 2016 bond offering and received the proceeds on behalf of Argentina is insufficient to carry their burden. *See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 628-29 (1983) (presumption overcome where instrumentality is "so extensively controlled by its owner that a relationship of principal and agent is created," or instrumentality's separate status would "work fraud or injustice").

Appellants also fail to meet the second step of § 5225(b). As the district court correctly held, "even if the Republic had a theoretical interest in the proceeds, it could not possess them because it could not claw them back from BNYM or the Trust's beneficiaries." Special App. at 8. Moreover, appellants have not established that their rights to the trust funds are superior to the rights of BNYM, which has a legal interest in

the funds as they are holding them in trust for the beneficiaries. Accordingly, appellants are not entitled to a turnover order pursuant to § 5225(b).

In the final sentence of their motion for a writ of execution and turnover order, appellants requested discovery "if the Court requires more information to identify the specific accounts with Argentina's proceeds in the U.S." Pls.' Mem. of Law at 9, *Ladjevardian v. Republic of Argentina*, No. 06-cv-3276 (S.D.N.Y. April 29, 2016), ECF No. 45. The district court decided it did not need that information to decide the motion and denied the informal request for discovery. Appellants argue that the district court abused its discretion by denying their request. The district court invited appellants to make a motion for discovery using proper procedures. They did not do so. In these circumstances, there was no abuse of discretion.

\*       \*       \*

We have reviewed appellants' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 7 -