■ In the Matter of WILLIAM H. COONS, Deceased. SHIRLEY C. COONS, Respondent; THOMAS E. COONS, Appellant. [51 NYS3d 575]—

In a proceeding pursuant to SCPA 711 to remove Thomas W. Coons as the executor of the estate of William H. Coons, Thomas W. Coons appeals from an order of the Surrogate's Court, Dutchess County (Pagones, S.), dated June 4, 2015, which denied his motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the petition.

Ordered that the order is affirmed, with costs payable by Thomas W. Coons personally.

The decedent, William H. Coons, was survived by his wife, Shirley C. Coons (hereinafter Shirley) and two children from a previous marriage, Thomas W. Coons (hereinafter Thomas) and Deborah Williams. Pursuant to the terms of the decedent's will, Thomas applied for and, in November 2013 was granted, letters testamentary appointing him as executor of the decedent's estate.

Shirley filed this petition pursuant to SCPA 711 to remove Thomas as executor of the decedent's estate. Thomas thereafter moved to dismiss the petition. Although Thomas did not specify the statute or rule upon which the motion was based, the Surrogate's Court treated the motion as one pursuant to CPLR 3211 (a) (7). The court denied Thomas's motion, and he appeals. We affirm.

Letters testamentary may be revoked where, inter alia, due to "misconduct in the execution of his [or her] office or dishonesty, drunkenness, improvidence or want of understanding, [the executor] is unfit for the execution of his [or her] office" (SCPA 711 [2]; *see* SCPA 707 [1] [e]). A testator has the right to determine who is most suitable to settle his or her affairs and that determination is not to be lightly set aside (*see Matter of Duke*, 87 NY2d 465, 473 [1996]; *Matter of Berlin*, 135 AD3d 746, 750 [2016]; *Matter of Kaufman*, 137 AD3d 1034 [2016]; *Matter of Venezia*, 25 AD3d 717, 718 [2006]; *Matter of Petrocelli*, 307 AD2d 358, 358 [2003]). Where a beneficiary seeks removal on the ground of dishonesty, the beneficiary must allege "dishonesty in money matters from which a reasonable apprehension may be entertained that the funds of the estate would not be safe in the hands of the executor" (*Matter of Martin*, 16 AD2d 807, 807 [1962]).

Here, Shirley alleged that Thomas acted dishonestly in his handling of money matters with respect to the estate by filing false tax returns, refusing to pay to her mortgage proceeds to which she is entitled, and impeding her sale of the decedent's truck despite having allocated it as a gift to spouse in the estate's tax returns. These are allegations of "dishonesty in money matters" which, if proved, would raise "a reasonable ap-

prehension" about Thomas's administration of the estate, particularly since Shirley further alleges that, in each case, Thomas's conduct was calculated to maximize his own residuary share of the estate (*id.*). Thomas's remaining contentions are without merit. Accordingly, the Surrogate's Court properly denied Thomas's motion to dismiss the petition. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.