Matter of Epstein (2022 NY Slip Op 00659)





Matter of Epstein


2022 NY Slip Op 00659


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-12998
 (Index No. 1881/08)

[*1]In the Matter of Sal Epstein, etc., deceased. Anita Taormina, appellant; Elena Eckhouse, et al., respondents.


Joseph J. Sciacca (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg], of counsel), for appellant.
Novick & Associates, P.C. (Albert V. Messina, Jr., Donald Novick, and Haley Weinblatt & Calcagni, LLP, Islandia, NY [Richard A. Weinblatt], of counsel), for respondents.



DECISION & ORDER
In a probate proceeding in which Anita Taormina petitioned, inter alia, to revoke the letters testamentary and letters of trusteeship issued to Elena Eckhouse, Anita Taormina appeals from a decree of the Surrogate's Court, Suffolk County (Stephen L. Braslow, S.), dated August 20, 2018. The decree, insofar as appealed from, after a nonjury trial, denied those branches of Anita Taormina's petition which were to revoke the letters testamentary and letters of trusteeship issued to Elena Eckhouse, and to compel the trust beneficiaries to return to the estate, from their personal funds and from their respective trusts, certain funds and assets which allegedly exceeded the decedent's bequests to them.
ORDERED that the decree is affirmed insofar as appealed from, with costs payable by the appellant personally.
The facts relating to this appeal are set forth in greater detail in our decision and order on related appeals (Matter of Epstein, ___ AD3d ___ [Appellate Division Docket No. 2018-12997; decided herewith]). For purposes of this appeal, it is sufficient to note that, pursuant to the terms of the decedent's will, his daughters, Anita Taormina and Elena Eckhouse, were appointed co-executors of his estate and co-trustees of three generation skipping trusts (hereinafter the GST trusts) created in favor of the decedent's three grandchildren. The decedent bequeathed the remainder of his estate to Taormina and Eckhouse in equal shares.
The GST trusts were initially funded by the deposit of $150,000 into each in partial satisfaction of the decedent's bequests. On July 31, 2011, Taormina and Eckhouse entered into an agreement (hereinafter the July 2011 agreement), inter alia, to fund the remainder of the decedent's bequests to the grandchildren by transferring to them and/or their trusts portions of the decedent's interests in two limited liability companies (hereinafter the LLCs). Each of the beneficiaries of the estate signed the July 2011 agreement. Between the execution of the July 2011 agreement and the transfer of the assets in December 2012, the value of the LLCs increased substantially so that, in [*2]combination with the $150,000 already transferred to each GST trust, the assets disbursed to the grandchildren (which included shares in the proceeds of the sale of real property owned by one of the LLCs) exceeded the sum originally left to each by the decedent's will. Accordingly, Taormina asserted that the GST trusts were overfunded, demanded that the grandchildren return the alleged excess funds to the estate, and refused to disburse funds from their trusts until they did so. Eckhouse opposed Taormina's demands on the ground that the trusts were properly funded via the July 2011 agreement and that any appreciation in the value of the corpus of each trust between the date of fund and the date of disbursement accrued to the benefit of the grandchild on whose behalf it was held. Taormina commenced this proceeding seeking, inter alia, to remove Eckhouse as co-executor of the estate and co-trustee of the GST trusts and to compel the grandchildren to return the alleged excess funds to the estate. After a nonjury trial, in a decree dated August 20, 2018, the Surrogate's Court denied these branches of the petition. Taormina appeals.
The EPTL provides that, unless a will or trust expressly provides to the contrary, where a fiduciary chooses to satisfy a transfer in trust of a pecuniary amount, in whole or in part, by a transfer in kind, the assets selected by the fiduciary must be valued on the date of distribution (see EPTL 2-1.9[b][1]; Matter of Abrams, 242 AD2d 450; Matter of Leonard, 45 Misc 2d 534, 535 [Sur Ct, Westchester County]). Since the decedent's will did not specify another date or event, the statutory default applies.
We find that the execution of the July 2011 agreement was an act of distribution by Taormina and Eckhouse as executors which was accepted by the grandchildren as beneficiaries of the trusts and by Taormina and Eckhouse in their role as trustees (see generally Matter of Marcus Trusts, 2 AD3d 640, 641; Cassata v Cassata, 148 AD2d 944, 945; see also Matter of Doman, 68 AD3d 862, 863). Taormina, Eckhouse, and the grandchildren later ratified that agreement via their execution of releases relating to the disbursement of shares in or profits from the LLCs. Since execution of the July 2011 agreement constituted distribution of shares in the LLCs to the grandchildren, they were entitled to benefit from the appreciation of those assets between the time of their distribution and the time of their disbursement (see Matter of Abrams, 242 AD2d 450).
"A testator or testatrix has the right to determine who is most suitable among those legally qualified to settle his or her affairs, and that selection is not to be lightly discarded" (Matter of Venezia, 25 AD3d 717, 718; see Matter of Berlin, 135 AD3d 746, 750). Although courts have the power to remove a fiduciary, that power is exercised "sparingly" and only where the record demonstrates a danger to the estate or trust if removal is denied (Matter of Petrocelli, 307 AD2d 358, 359; see Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1572-1573; Matter of Joan Moran Trust, 166 AD3d 1176, 1179). Similarly, "an individual seeking removal [of a trustee] bears the burden of demonstrating that the trustee has violated or threatens to violate his or her trust or is otherwise unsuitable to execute the trust" (Matter of Giles, 74 AD3d 1499, 1503; see SCPA 711, 719[10]; Matter of Joan Moran Trust, 166 AD3d at 1179). Here, the Surrogate's Court correctly determined that Taormina failed to demonstrate that Eckhouse's administration resulted in a danger to the estate or that she was unsuitable to execute the trust, or that she had violated her fiduciary duty.
Taormina's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court