Klein v Klein (2026 NY Slip Op 00497)

Klein v Klein

2026 NY Slip Op 00497

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-10358
2026-00745
 (Index No. 611518/20)

[*1]Victor C. Klein, respondent,
vRobert F. Klein, appellant.

Robert Klein, sued herein as Robert F. Klein, Westcliffe, Colorado, appellant pro se.
David Bolton, P.C., Garden City, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered October 21, 2022, and (2) a judgment of the same court dated November 28, 2022. The order granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of fiduciary duty. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the principal sum of $68,044.40. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 2003, Mildred A. Klein (hereinafter the decedent) executed a will that stated that the plaintiff and the defendant, among others, would receive a portion of her residual estate. In 2007, the decedent entered into an agreement with the defendant in which the decedent transferred title to certain real property to the defendant, and the agreement stated that upon her death, the property should be sold and the proceeds distributed to beneficiaries in accordance with her will. In 2017, prior to the decedent's death, the defendant sold the property to a third party. The decedent died approximately six months later, but the defendant did not distribute the proceeds pursuant to the agreement or the will.
In 2020, the plaintiff commenced this action against the defendant to recover the share of the proceeds from the sale of the property that was allegedly owed to him. Thereafter, the plaintiff moved, among other things, for summary judgment on the cause of action alleging breach of [*2]fiduciary duty. In an order entered October 21, 2022, the Supreme Court granted that branch of the motion. On November 28, 2022, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $68,044.40. The defendant appeals.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of fiduciary duty. "An express trust may be created orally or in writing; no particular form of words is necessary, and it may arise by implication from the settlor's conduct" (Matter of Marcus Trusts, 2 AD3d 640, 641 [internal quotation marks omitted]; see EPTL 7-1.17[a]; Matter of Doman, 68 AD3d 862, 863). Here, the plaintiff established, prima facie, that the agreement between the decedent and the defendant created an express trust, which had not been revoked, and that the defendant sold the property and failed to distribute the proceeds in accordance with the terms of the trust and the decedent's will (see Matter of Doman, 68 AD3d at 863; Matter of Marcus Trusts, 2 AD3d at 641). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of fiduciary duty.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court